[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Upon hearing application for Supplemental Prejudgment Remedy, Pleading #120, the court finds probable cause to sustain the validity of its claim for a supplemental attachment in the requested amount of $600,000 having already garnished the sum of $193,212.42. The plaintiff now holds this sum of cash in a non interest bearing account. CT Page 1706
The defendants seek to substitute a real estate attachment of $790,000 pursuant to Connecticut General Statutes 52-304.
The defendants argue that they have an absolute right to offer a substitute lien in lieu of an attachment. They further argue that case law relevant thereto is clear on this matter, that no discretion lies with the court as to the form of the proffered substitute lien. The only issue is value.
The defendants offer as substitute security for the plaintiff's garnishments, real estate located in the Town of Woodbury, Connecticut, known as Middle Quarter Mall. That property, which the defendants claim has a fair market value of $3,100,000.00, is subject to a first mortgage securing a loan with a present principal balance of $1,723,130.00 which is due and payable in September of 1992, eight months from now.
A real estate appraiser, Walter Kloss, testified as to the value of the proposed property to be substituted. His report dated May 24, 1991 was admitted in evidence. He testified that the Fair Market Value is $3,100,000 for the whole "Middle Quarter Mall". The mall consists of property owned by other entities who are not defendants to this action.
The plaintiff has used the value of the appraiser, deducted therefrom the first mortgage debt and the testified value of two buildings not owned by the defendants in this action. The net amount of the value accordingly is $523,840.00.
The plaintiff argues it should not be required to give up cash for an interest in real estate with no clearly established value. The first mortgage on the proposed substituted property becomes due in eight months with no assurances as to what will take place as to it.
From all the evidence adduced at trial, the court finds that the proposed substituted security is not of equal value.
Accordingly, the motion to substitute is denied.
The motion for supplemental prejudgment remedy is granted.
There is probable cause that the plaintiff will succeed. The supplemental prejudgment may issue in the amount of $600,000.
FRANK S. MEADOW, J.